# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-18-PAB-NYW

JESSE MARTINEZ, an individual, and KAREN MARTINEZ, an individual,

    Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION d/b/a WELLS FARGO HOME MORTGAGE, INC. d/b/a AMERICA'S SERVICING COMPANY, a national banking association;
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX5, a national banking association;
MCCARTHY & HOLTHUS, LLP, a California limited liability partnership; and
MARGARET T. CHAPMAN, in her official capacity as the Public Trustee for the County of Jefferson, State of Colorado,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

March 15, 2018, at 2:00 p.m.

| | |
|---|---|
| Daniel J. Vedra | Stephanie A. Kanan |
| Vedra Law LLC | Jessica E. Yates |
| 1435 Larimer Street, Suite 302 | Snell & Wilmer L.L.P. |
| Denver, Colorado 80202 | 1200 17th Street, Suite 1900 |
| 303-937-6540 | Denver, CO 80202 |
| dan@vedralaw.com | Telephone: (303) 634-2000 |
| **Attorneys for Plaintiffs** | Facsimile: (303) 634-2020 |
| | Email: skanan@swlaw.com |
| | Email: jyates@swlaw.com |
| | **Attorneys for Defendants U.S. Bank,** |

Holly R. Shilliday
McCarthy & Holthus LLP
7700 E. Arapahoe Road, Suite 230
Centennial, CO 80112
(303) 952-6905
hshilliday@mccarthyholthus.com

**Attorneys for Defendant McCarthy & Holthus LLP**

**National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX5, and Wells Fargo Bank, N.A.**

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court has jurisdiction over Plaintiffs' state law claims counterclaims pursuant to 28 U.S.C. § 1367 because these state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs: This case concerns a wrongful foreclosure. For over a decade, Plaintiffs Jesse and Karen Martinez ("**Plaintiffs**") were prepared to move out of their home after a series of subprime refinances stripped them of their equity and rendered their payment unaffordable. For over a decade, their things were packed, and they were ready to leave.

Defendant Wells Fargo Bank, National Association ("**Wells Fargo**") serviced their loan on behalf of Defendant U.S. Bank National Association (the "**Trustee**"). Wells Fargo convinced Plaintiffs that they ought to apply for a mortgage modification to make their payment affordable. For the better part of a decade, Plaintiffs dutifully complied with every request from Wells Fargo to modify their mortgage. Wells Fargo failed to deliver on its request and promises. After the statute of limitations finally ran on the note securing the

deed of trust, Defendant McCarthy & Holthus, LLP (the "**Law Firm**") completed the foreclosure on behalf of the Trustee.

Plaintiffs submit Wells Fargo breached its contracts with the Plaintiffs, made promises and broke them, engaged in outrageous conduct causing emotional distress, and took Plaintiffs' home without right. Further, Plaintiffs submit that the Law Firm violated the Colorado Fair Debt Collection Practices Act when completing the foreclosure with right.

b.  Defendants:

Defendant Wells Fargo Bank, N.A. and U.S. Bank, N.A. raise the following affirmative defenses to Plaintiffs' claims:

Plaintiffs' claims for breach of contract, breach of good faith and fair dealing, promissory estoppel, and infliction of emotional distress, are time-barred under the applicable statute of limitations. In addition, all of Plaintiffs' claims fail for multiple reasons:

1.  The loan documents do not provide loan modification benefits;

2.  Plaintiffs are neither parties, nor intended third party beneficiaries to the HAMP servicer participation agreements upon which their claims are based. Therefore, they do not have standing to enforce those agreements and related guidelines.

3.  Plaintiffs requests for loan modifications were properly denied.

4.  Colorado's Credit Agreement Statute of Frauds bars Plaintiffs' claims;

5.  Plaintiffs' allegations do not support "extreme and outrageous conduct" to support an intentional infliction of emotional distress claim under Colorado law and the economic loss doctrine;

6.  The statute of limitations for Defendants' foreclosure action had not run, when the foreclosure proceeded, pursuant to Colorado law;

7.  Plaintiffs' quiet title claim is barred by equitable estoppel, laches andwaiver,;

8. Some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction;

9. Plaintiffs may have failed to mitigate damages;

10. Plaintiffs have no cognizable injuries flowing from their claims, or their damages are offset and consumed entirely by their possession of the collateral despite their default under the repayment terms of the loan; and

11. Plaintiffs' alleged damages for the value of the property sold in foreclosure without repaying the loan secured by the property is unsupported and inequitable.

Investigation and discovery by Wells Fargo and U.S. Bank remains on-going. Wells Fargo and U.S. Bank preserve all defenses and objections under the terms of the loan documents, and Rules 8 and 12.

With respect to Count V for violation of the Colorado Fair Debt Collection Practies Act, Defendant McCarthy & Holthus (the "Firm") denies it was engaged in debt collection and denies it had no right to complete the non-judicial foreclosure. Both the United States Bankruptcy Court and the Jefferson County District Court authorized the sale of the property and approved the sale. Moreover, the statute of limitations had not expired when the foreclosure was initiated due to voluntary payments made by the borrowers and the acknowledgment of the debt by the plaintiffs in their multiple bankruptices. Plaintiff Karen Martinez signed a notice of intent in her Chapter 7 bankruptcy whereby she acknowledged the debt and stated her intent to assume the contract and continue making payments. Both debtors listed the debt in their bankruptcy schedules but did not indicate the debt was continent, liquidated or disputed. Mr. Martinez also listed the debt in his Chapter 13 plan. Finally, the Plaintiffs waived the statute of limitations by not asserting it in the Rule 120 proceedings, the bankruptcy case or before the sale. The Firm was not involved in loss mitigation negotiations with the borrowers. Before proceeding to sale, the Firm obtained a

HAMP Certification from Wells Fargo Bank. Other defenses include laches, unclean hands, failure to mitigate damages, equitable estoppel.

Investigation and discovery by the Firm remain on-going. The Firm preserves all defenses and objections under the terms of the loan documents, and Rules 8 and 12.

## 4. UNDISPUTED FACTS

1. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside in this District; a substantial part of property that is the subject of the action is situated in this District.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek actual damages against the Wells Fargo as follows:

- Economic losses in the amount of at least $342,521.00 for the loss of their home;
- Non-economic losses in an amount to be determined by jury

Plaintiffs seek actual and statutory damages against the Law Firm as follows:

- Actual damages under the Colorado FDCPA for economic losses of at least $342,521.00
- Actual damages under the Colorado FDCPA for Non-economic losses in an amount to be determined by jury
- Statutory damages under the Colorado FDCPA of $1,000.00
- Reasonable attorney fees and costs

Plaintiffs seek to quiet title against Defendant U.S. Bank for the property.

The Firm denies Plaintiffs have been damaged. Pursuant to C.R.S. § 5-16-113(2), the Firm is entitled to reasonable attorneys' fees and costs if it prevails on the claim.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) Meeting: February 15, 2018

b. Names of each participant and party he/she represented.

| | |
|---|---|
| Daniel J. Vedra<br>Vedra Law LLC<br>1435 Larimer Street, Suite 302<br>Denver, Colorado 80202<br>303-937-6540<br>dan@vedralaw.com<br>**Attorneys for Plaintiffs** | Stephanie A. Kanan<br>Snell & Wilmer L.L.P.<br>1200 17th Street, Suite 1900<br>Denver, CO 80202<br>Telephone: (303) 634-2000<br>Facsimile: (303) 634-2020<br>Email: skanan@swlaw.com<br>**Attorneys for Defendants U.S. Bank, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX5, and Wells Fargo Bank, N.A.** |
| | Holly R. Shilliday<br>McCarthy & Holthus LLP<br>7700 E. Arapahoe Road, Suite 230<br>Centennial, CO 80112<br>(303) 952-6905<br>hshilliday@mccarthyholthus.com<br>**Attorneys for Defendant McCarthy & Holthus LLP** |

    c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

All parties served their Rule 26(a)(1) Disclosures on March 1, 2018.

    d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

    e. Statement concerning any agreements to conduct informal discovery:

None.

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree that they will bates label their document production to prevent confusion as to which party made the productions. Wells Fargo and U.S. Bank agree to use the following convention: "WF/USB ats Martinez000000" McCarthy Hothus agrees to use the following convention: MH00001. Plaintiffs agree to use the following convention: MART000001.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiffs believe that Wells Fargo may have significant documents that are electronically stored, and may keep servicing records in electronic form. Plaintiffs further believe that Wells Fargo, and potentially U.S. Bank, may have extensive e-mail correspondence, either internally or externally, that is discoverable.

As the servicer of the loan, Wells Fargo possesses or otherwise has custody and control of any documents that could potentially be relevant to the claims asserted by Plaintiffs against Wells Fargo and U.S. Bank, and the defenses. Wells Fargo will produce relevant portions of its servicing records regarding the loan in either PDF or Word format. Wells Fargo does not expect to have any email correspondence, internal or external, regarding the servicing of the loan.

The Firm maintains its records electronically and will produce non-privileged documents relevant to the claim against it. Since the Firm's involvement in this matter dates back to 2014, the Firm does not anticipate the claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

On March 2, 2018, Plaintiffs tendered a written settlement demand to Wells Fargo and U.S. Bank. Wells Fargo and U.S. Bank are in the process of reviewing that demand. The deadline to accept is March 16, 2018. There have been no settlement discussions with the Firm.

00029511.1
4844-2342-2046.1

7

## 7. CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~None.~~ Each side may take up to ten (10) depositions, including experts, and each party may serve up to twenty-five (25) interrogatories, including discrete subparts.

b. Limitations which any party proposes on the length of depositions.

None. Each deposition may last up to one day of seven (7) hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~The parties agree to limit the number of~~ Each party may serve up to twenty (2) requests for production ~~to twenty (20)~~ and twenty (20) requests for admission ~~to twenty (20)~~.

d. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: ~~Ninety Days from scheduling conference.~~ May 18, 2018.

b. Discovery Cut-off: December 14, 2018.

c. Dispositive Motion Deadline: February 1, 2019.

d. Expert Witness Disclosure: ~~August 31, 2018 for Plaintiffs and October 26, 2018 for Defendants.~~

1. Plaintiff anticipates designating two retained expert witness: one for non-economic damages and one for foreclosure process and procedure in Colorado.

Defendants will consider retaining and disclosing experts with opinions responsive to any disclosed by Plaintiff ~~within sixty (60) days of Plaintiffs' expert disclosures~~.

2. <u>Limitations which the parties propose on the use or number of expert witnesses.</u>
   <u>Each side will be limited to two experts.</u>

3. <u>Plaintiffs shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 31, 2018.  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

4. Defendants shall designate all ~~rebuttal~~ experts and provide opposing counsel and an<u>y pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 26, 2018  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe</u>

how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed:

- A Rule 30(b)(6) representative of Wells Fargo – Wells Fargo requests an order presumptively limiting the number of deposition topics to 10, or as the parties otherwise agree.. Plaintiffs object to this proposal.
- A Rule 30(b)(6) representative of U.S. Bank – As the loan was serviced by Wells Fargo, and all of Plaintiffs' allegations relate to the servicing of the loan, U.S. Bank is not expected to have any knowledge relevant to any disputed issue in this case. Accordingly, U.S. Bank reserves its right to object and move for protection with respect to any deposition notice served on it, or to otherwise designate its servicing agent, Wells Fargo, to respond to any Rule 30(b)(6) deposition notice served. In either event, U.S. Bank requests an order presumptively limiting the number of deposition topics to 10, or as the parties otherwise agree. Plaintiffs object to this proposal.
- ~~U~~A Rule 30(b)(6) representative of the Law Firm – The Law Firm proposes that the deposition be limited to no more than 10 topics, including subparts. Plaintiffs object to this proposal.
- Plaintiffs
- Experts designated and disclosed by the parties.

~~Defendants desire to designate representatives as their trial witnesses, to be identified by name and title in response to any deposition notice issued pursuant to Rule 30(b)(6) or the pretrial order. Plaintiffs do not object to Defendants identifying and designating~~

~~individuals as corporate representatives, but object to this identification as limiting witnesses that Plaintiffs may depose and/or call as trial witnesses.~~

f. Deadline for Interrogatories:

Forty-five days prior to the discovery deadline.

g. Deadline for Requests for Production of Documents and/or Admissions.

Forty-five days prior to the discovery deadline.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on <u>April 17, 2019</u> at <u>2:00</u> o'clock <u>p</u>.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Defendants Wells Fargo, U.S. Bank, and the Firm filed motions to dismiss as to all claims asserted by Plaintiffs. In an effort to avoid unnecessary litigation expense and distraction, and to conserve judicial resources, Wells Fargo, U.S. Bank, and the Firm request that discovery be stayed until those motions are ruled upon. Plaintiffs object to this request and have indicated that they intend to proceed immediately with discovery.

Plaintiffs object to this request. First, all requests for relief must be made in the form of a motion. Second, staying discovery is contrary to longstanding precedent in this district.

b. Anticipated length of trial and whether trial is to the court or jury.

Plaintiffs anticipate a ten day jury trial. Wells Fargo, U.S. Bank and the Firm do not agree that ten days will be needed to try this case. They instead anticipate that trial will endure no more than four days.

The Defendants request that trial not be scheduled to proceed until sixty (60) days after any pending motions for summary judgment are decided.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of March, 2018.

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer Street, Suite 302
Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
kate@vedralaw.com
**Attorneys for Plaintiffs**

_/s/ Stephanie A. Kanan_____
Stephanie A. Kanan
Snell & Wilmer L.L.P.
1200 17th Street, Suite 1900
Denver, CO 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
Email: skanan@swlaw.com
**Attorneys for Defendants U.S. Bank, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX5, and Wells Fargo Bank, N.A.**

/s/ Holly R. Shilliday
Holly R. Shilliday
McCarthy & Holthus LLP
7700 E. Arapahoe Road, Suite 230
Centennial, CO 80112
(303) 952-6905
hshilliday@mccarthyholthus.com
**Attorneys for Defendant McCarthy & Holthus LLP**