**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00018-PAB-NYW

JESSE MARTINEZ, an individual, and
KAREN MARTINEZ, an individual,

    Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION d/b/a WELLS FARGO HOME MORTGAGE, INC. d/b/a AMERICA'S SERVICING COMPANY, a national banking association,
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX5, a national banking association,
MCCARTHY & HOLTHUS, LLP, a California limited liability partnership, and
MARGARET T. CHAPMAN, in her official capacity as the Public Trustee for the County of Jefferson, State of Colorado,

    Defendants.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

    This case is before the undersigned Magistrate Judge pursuant to the Order Referring Case dated January 8, 2018. [#6]. Upon review of the Amended Complaint and consideration of counsels' comments offered during the March 15, 2018 Scheduling Conference, the court is not satisfied that it has subject matter jurisdiction over this case.

## ANALYSIS

### Amended Complaint

    Originally, Plaintiffs asserted a claim for violation of the federal Fair Debt Collections Practice Act, thereby conferring subject matter jurisdiction pursuant to a federal question. [#1 at

18]. Plaintiffs subsequently amended their operative pleading, and the Amended Complaint asserts five causes of action, all arising under state law, and invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [#17]. Section 1332 states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." A federal court must satisfy itself as to its own jurisdiction, and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed having not first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

The Amended Complaint pleads that the amount in controversy exceeds $75,000, and that Plaintiffs are citizens of Colorado. [#17 at ¶¶ 8, 9]. The Amended Complaint also names, in relevant part, McCarthy & Holthus, LLP (the "LLP") as a Defendant, and states that the LLP "is a California limited liability partnership," and that "[o]n information and belief, none of the equity partners in the [LLP] is a citizen of [Colorado]." [*Id.* at ¶¶ 16, 17]. In the Tenth Circuit, for purposes of determining jurisdiction, a limited liability partnership is an unincorporated association and takes the citizenship of all its members. *ConAgra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175, 1180 (10th Cir. 2015) (holding Supreme Court precedent "dictates that the citizenship of any non-corporate artificial entity is determined by considering all of the entity's members"). *See also Management Nominees, Inc. v. Alderney Investments,*

2

*LLC*, 813 F.3d 1321 (10th Cir. 2016) (holding the court must include all of an entity's members "in determining the citizenship of an unincorporated association for purposes of diversity"); *Davison v. Grant Thornton LLP*, No. 2:13–CV–2309–JAR, 2014 WL 1308895, at *2 (D. Kan. Mar. 28, 2014) ("The citizenship of a limited liability partnership depends upon the citizenship of *all* of its partners") (citing *Penteco Corp. Ltd. P'Ship–1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1523 (10th Cir. 1991) (emphasis added by cited case)). Accordingly, the court set the matter for a Scheduling Conference [#31], because there was no reason to question subject matter jurisdiction based on the face of the Amended Complaint.[1]

During the March 15, 2018, Scheduling Conference, however, counsel for Plaintiffs raised the issue to the court as to whether the Parties were actually diverse from each other. *See* [#41]. Specifically, Plaintiffs questioned whether counsel who appeared for the LLP, who was identified as a "Managing" Director, was an equity member of the LLP because Plaintiffs have reason to believe she is a citizen of Colorado, given her address. Counsel for the LLP refused to state whether she is a Colorado citizen, absent an order from the court. Instead, counsel for the LLP insisted that her citizenship, and the LLP's citizenship, is irrelevant because, once satisfied as to the other Defendants' diversity of citizenship with relation to Plaintiffs, the court can exercise pendant jurisdiction over the sole claim asserted against the LLP, which alleges violation of the Colorado Fair Debt Collection Practices Act. *See* [*id.*] *See also* [#17 at 18].

---

[1] The other named Defendants also appeared diverse from Plaintiffs. *See* [#17].

Supplemental Jurisdiction

The court questions the LLP's contention that it can analyze the diversity requirement claim by claim. Section 1367 of Title 28 of the United States Code codified ancillary and pendant jurisdiction under the banner of supplemental jurisdiction, and provides that in cases where a district court has original jurisdiction, it may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. 1367(a). Section 1367(b) limits the exercise of supplemental jurisdiction, and prevents courts from exercising supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19…or seeking to intervene as plaintiffs under Rule 24." *Id.* at 1367(b).

Courts have explained that supplemental jurisdiction is necessarily limited because it derives from the court's original jurisdiction. If all defendants are not diverse from all plaintiffs, and there is no federal question claim, there is no original jurisdiction from which to derive supplemental jurisdiction. Section 1367(b) acts specifically to prevent plaintiffs from circumventing the requirements of 28 U.S.C. 1332. *Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000) ("Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity) (citing H.R.Rep. No. 101–734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875) (further citations omitted)).

The LLP suggests that the court can (and should) exercise supplemental jurisdiction even if all Defendants are not diverse from all Plaintiffs. However, "[i]ncomplete diversity destroys

4

original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553-54 (2005) ("we have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action") (contrasting the diversity requirement with federal question and amount in controversy requirements, which "can be analyzed claim by claim") (citations omitted). Accordingly, the court **ORDERS** the LLP to identify the citizenship of its respective equity members and to identify any authority that supports its argument that diversity between the Parties on separate claims is sufficient to confer supplemental jurisdiction as to Plaintiffs' claims against the LLP.  It is therefore ORDERED that:

(1)     On or before **March 29, 2018**, Defendant McCarthy & Holthus, LLP shall **IDENTIFY** the citizenship of each of its equity members and **SHOW CAUSE**, in writing, why this case should not be dismissed for lack of federal subject matter jurisdiction.

DATED: March 22, 2018                                          BY THE COURT:

_____
United States Magistrate Judge